B. H. Pless

*v.*

C. D. Franks et al., Members of the Board of Directors of
the Firemen's & Policemen's Insurance & Pension
Fund of the City of Chattanooga, Tennessee.

(*Knoxville*, September Term, 1957.)

Opinion filed December 6, 1957.

J. W. ANDERSON, E. K. MEACHAM, Chattanooga, for appellants.

VAN CLEAVE & HATFIELD, Chattanooga, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Appellee Pless disagreed with the Directors of the Firemen's and Policemen's Insurance & Pension Fund as to the amount to which he is entitled by way of a pension as a retired policeman. The Chancellor overruled the demurrer to Pless' bill of complaint, and entered a decree for the amount due Pless under his theory of the law. The Board has appealed.

After Pless had served Chattanooga 19 years, 7 months and 21 days as a police officer he "was forced to retire because of physical disability". The bill alleges that his "basic salary was $325.00 per month, and had been for over one year"; hence, was entitled to a pension of $150 per month, but was allowed by the Board $142.50 per month. His suit is for the difference for each month since his retirement, and for a declaration of his rights.

The demurrer of the Board is that under the controlling statute his pension must be computed upon a basic salary of $300 per month, rather than $325. It is a question of law, with the outcome dependent upon the construction to be placed upon the pension statutes for Chattanooga policemen. These statutes are (1) Chapter 165 of the Private Acts of 1949 as amended by (2) Chapter 90 of the Private Acts of 1953.

The Court need not consider the assignment of error directed to the proposition that the decision of the Board, right or wrong, is made by the statute "final and conclusive". The demurrer does not make that complaint. The mere statement that the bill fails to allege grounds for relief is insufficient, because demurrers must specifically state the objection relied upon. Section 20-910, T.C.A. Anyhow, the brief of the Board does not indicate that it attaches much importance to that insistence.

Section 13 of the 1949 Act provides that if a policeman becomes physically disabled after not less than ten years of service and is taken from the payroll he may be retired at a sum "equal to twenty-five (25) per cent of his basic salary at the time of his retirement"; and if he has served more than ten years, but less than twenty, his pension shall, in addition to the twenty-five (25%) per cent of his basic salary, be increased by "the sum of two and one-half (2½) per cent for each additional year of service over ten (10) years and up to twenty (20) years service". There is, however, the following limitation provided by Section 15 of the 1953 Act:

"Be it further enacted, That the full amount of pension any employee shall be entitled to shall not be less than fifty (50%) per cent of the employee's basic salary at the time of such employee's retirement; provided, however, that the maximum amount any employee shall receive as a pension shall not be more than One hundred fifty ($150.00) dollars per month."

██ The expression "basic salary", as we construe it, means the salary that the pensioner is receiving at the time he retires without taking into consideration any extra compensation to which he might be entitled for extra work. Such additional compensation, if any, is "not to be included in 'wages' or 'salary' for pension purposes". See 14 A.L.R.2d 635-636.

██ (1) Since the basic salary of Officer Pless at the time of his retirement for physical disability was $325 per month, and (2) since the length of his service at that time was 19 years, 7 months and 21 days, it has to follow under Section 13 of the 1949 Act subject to the limitation of Section 15 of the 1953 Act hereinbefore

quoted, that Officer Pless is entitled to a pension of $150 per month, the maximum allowed, as held by the Chancellor, unless Section 4 of the 1953 Act has the legal effect of making $300 the maximum amount of basic salary upon which a pension may be calculated. And such is the insistence of the Board.

Section 4 of the 1953 Act directs that five (5%) per cent of the salary of each policeman shall be deducted each month for the benefit of this pension fund. Then there follows in this section the following:

"* * * provided, however, that if any member of the Fire and Police Department shall receive a salary of more than Three hundred ($300.00) dollars per month, then the deduction shall only be made on the said sum of Three hundred ($300.00) dollars per month. In each case, however, the five per cent assessment shall be based upon the amount of the salary of the employee, up to Three hundred ($300.00) dollars per month. If the salary of the employee is less than Three hundred ($300.00) dollars per month, the assessment of five per cent shall be based upon the actual salary of such employee".

It is the insistence of the Board that by reason of the above quoted provision of Section 4 the pension must be calculated upon the basis of a maximum basic salary of $300 per month regardless of the fact that Pless was receiving a basic salary of $325 per month. The brief filed in behalf of the Board says that to otherwise construe this matter

"6. . . . . . . frustrates the intent of the legislature in imposing such limitation and upsets the actuarial basis of the Pension Plan.

"7. The Acts as a whole clearly show the Legislature had no intention of basing deduction under the Pension Plan on one figure and benefits thereunder on another larger figure, which would result in destruction of the actuarial basis of the Plan."

The Court is not able to find anything in the record upon which it can base a finding that the calculation of the amount of pension to be received upon a basic salary in excess of $300 per month "upsets the actuarial basis of the Pension Plan" and "result(s) in destruction of the actuarial basis of the Plan".

. As to the legislative intent, the Court may look only to the four corners of the statute as a general rule. And there is nothing in these statutes suggesting an exception to that rule.

If the Court follows the foregoing rule, as it must, and gives to the language employed by the Legislature in these statutes its normal meaning, as it must, then, it seems to the Court that the legislative intent is (1) to fix at $300 the maximum amount of basic monthly salary upon which the five (5%) per cent deduction each month for the pension fund shall be calculated regardless of how much more than $300 the salary of the particular officer is; and (2) to limit the maximum amount which a pensioner may receive to $150 per month, no matter how many times $150 per month his basic salary may have been.

In order to sustain the insistence of the Board the Court would have to write into Section 15 of the Acts of 1953 heretofore quoted that which the Legislature did not elect to write there; and which it is to be presumed the legislature would have therein inserted had such been its intention. As the Court views it, this would amount to an invasion by the Court of the field reserved exclusively to the legislature.

If it could be said that, viewed from the standpoint most favorable to the Board, the answer to the issue made is doubtful, it would nevertheless, have to follow that the Board's insistence be rejected. This is because: "Again, the statutes creating pensions are remedial in their nature and are to be liberally construed in favor of the applicants for pensions, as a matter of sound public policy". *Collins v. City of Knoxville,* 180 Tenn. 483, 488, 176 S.W.2d 808, 811.

Affirmed with costs adjudged against the Board.