LAKE *v.* THE TRAVELERS INSURANCE COMPANY

1. INSURANCE—TERMS OF CONTRACT—CONSTRUCTION.

    The words used in an insurance contract must be given their plain and ordinary meaning, each word must be given effect as far as practicable, and ambiguous phrases are to be resolved in favor of the insured if reasonably susceptible of such construction.

2. INSURANCE—"BASIC ANNUAL SALARY OR WAGE"—CONSTRUCTION.

    The phrase "basic annual salary or wage" in a group life insurance contract does not include overtime pay.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance §§ 257, 259, 271.
[2] 43 Am Jur 2d, Insurance § 257 *et seq.*

Appeal from Wayne, Theodore R. Bohn, J. Submitted Division 1 January 7, 1971, at Detroit. (Docket No. 9351.) Decided March 25, 1971. Reversed by Supreme Court, 385 Mich 761.

Complaint by Alice Lake against The Travelers Insurance Company for benefits under a life insurance policy. Summary judgment for plaintiff. Defendant appeals. Reversed and remanded for entry of judgment for defendant.

*Glotta & Adelman,* for plaintiff.

*Dickinson, Wright, McKean & Cudlip* (by *Allen M. Bornheimer* and *Charles F. Clippert*), for defendant.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

R. B. BURNS, P. J. Defendant insurance company appeals from a summary judgment[1] granted plaintiff at trial level.

The issue on appeal concerns the construction of a phrase contained in the group life insurance policy issued by the defendant to plaintiff's husband's employer. The policy contained a provision limiting the total proceeds due upon the employee's death to $4,000 where that employee's "basic annual salary or wage" was less than $10,000. Defendant argues that plaintiff's husband's "basic annual salary or wage" was less than $10,000, which would entitle plaintiff, as beneficiary, to only $4,000. Plaintiff contends that her husband's "basic annual salary or wage" exceeded $10,000 which, according to the terms of the insurance policy, would entitle the beneficiary to receive $10,000.

[1] GCR 1963, 117.2.

In computing the husband's "basic annual salary" defendant excluded three items that plaintiff included in her computation, *i.e.*, overtime pay, vacation pay, and Christmas bonus.[2]

The final decision revolves around the reasonable interpretation of the phrase "basic annual salary or wage". More specifically, does "basic annual salary or wage" include or exclude such items as overtime pay, vacation pay, and monetary bonuses?

In construing this insurance contract phrase we must give the words their plain and ordinary meaning,[3] give effect to every word as far as practicable,[4] and construe the phrase in favor of the insured if the phrase is ambiguous and reasonably susceptible to such "construction".[5] These basic rules of construction are widely accepted.[6] After an exhaustive analysis of the trial court's opinion, this Court is convinced that the trial judge was in error. The trial judge avoided defining the word "basic" and almost all of his cited authorities dealt with the definitions of "wage", "average annual wage", "monthly salary", or "annual salary". The trial court failed to give the word *basic,* as that word appears in the term *"basic* annual salary or wage", its plain and ordinary meaning. This violates the principle stated in *Mondou* v. *Lincoln Mutual Casualty Co.* (1938), 283 Mich 353, 358, 359:

"A contract will be construed so as to give effect to every word or phrase as far as practicable."

---

[2] Adding overtime pay of $4,121.14, vacation pay of $224, and the Christmas bonus of $664, with his regular hourly wage of $5,686 would exceed $10,000.

[3] *Bowman* v. *Preferred Risk Mutual Insurance Company* (1957), 348 Mich 531; *Squires* v. *Hayes* (1968), 13 Mich App 449.

[4] *Mondou* v. *Lincoln Mutual Casualty Co.* (1938), 283 Mich 353.

[5] *Leski* v. *State Farm Mutual Automobile Insurance Company* (1962), 367 Mich 560; *Michigan Mutual Liability Company* v. *Ferguson* (1968), 15 Mich App 298.

[6] See 13 Appleman, Insurance Law and Practice, §§ 7383–7385, pp 11–29.

The trial court's interpretation of the phrase "basic annual salary or wage" is contrary to the plain and ordinary meaning of the phrase. To interpret as defendant suggests would strain the meaning of the phrase and would in effect be rewriting the contract. This result is impermissible in Michigan[7] as well as elsewhere.[8] In our view the phrase "basic annual salary or wage" excludes overtime pay and is supported by textual definitions as well as common sense.[9]

Reversed and remanded for entry of judgment in accordance with this opinion. Costs to defendant.

All concurred.

---

[7] *Edgar's Warehouse, Inc.,* v. *United States Fidelity & Guaranty Company* (1965), 375 Mich 598; *Huron Bowl, Inc.,* v. *Security Insurance Company of New Haven* (1968), 14 Mich App 62.

[8] See 13 Appleman, Insurance Law and Practice, § 7383, pp 10, 11.

[9] 5 Words and Phrases, p 292, defines "basic salary" as salary "* * * without taking into consideration any extra compensation to which he might be entitled for extra work". The term "basic wage" or "basic salary" is defined in Webster's Third New International Dictionary (Unabridged ed, 1961) as: "2. A rate of pay for a standard work period exclusive of such additional payments as bonuses and overtime." Courts in Michigan have frequently looked to dictionary meanings when construing insurance policies. See, *e.g., Huron Bowl, Inc.,* v. *Security Insurance Company of New Haven* (1968), 14 Mich App 62.