LETTS, Judge,
dissenting:
I dissent.
This appears to be a case of first impression in Florida.
The facts show that the deceased’s employer entered into a master life insurance contract providing death benefits for all its employees. Thereunder each employee earning over $20,000 a year was entitled to substantially greater benefits. The deceased’s estate claims he was earning over $20,000 while the insurance company contends his total earnings under the contract were less than $20,000.
There are other facets, but my dissent distills to the question of whether overtime pay should be considered in arriving at the (to quote the policy language) “rate of basic earnings.”
My colleagues are of the opinion that the quoted phrase excludes overtime and that the words “rate of basic earnings” in their plain and ordinary meaning cannot include anything other than the originally agreed upon weekly compensation. The principal case relied on for this view is Lake v. Travelers Insurance Co., 31 Mich.App. 688, 188 N.W.2d 80 (1971); however that case was not construing earnings but rather salary or wages.[1] The distinction is important, as will be seen hereafter.
I would agree that nontaxable fringe benefits might not be encompassed by the term “basic earnings.” However, that which an employee is entitled to, as a direct result of services rendered and taxable to him, is surely a part and parcel of his basic earnings and the case of McIntosh v. Aetna Life Insurance Company, 268 A.2d 518 (D.C.Ct.App. 1970) is in complete agreement with my view. On any conceivable form on which a statement of earnings is required, whether it be the IRS 1040 version, or a loan application, any citizen will enter his *465 total gross income based on his W2s. In this case, if the deceased were alive to be asked: “Basically, how much did you earn last year at Pompano Manufacturing Co.?” It is highly unlikely he would answer $19,-000 when his actual total was $20,200. Most wage earners have to work overtime and most of them must be paid for it. Overtime is a basic accompaniment to employment and an economic must, in the scheme of “basic earnings.” Accordingly, to exclude it here is unrealistic.
The appellees argue that while the McIntosh case construes “basic earnings” in the way that I do now, it is to be distinguished from the case at bar which adds the word “RATE of basic earnings.” I cannot find such magic in the addition of the word “rate.” If a layman is seeking a loan and is asked on a bank application form: “What is your rate of basic earnings?” is he going to give a different answer than he would on the same form if the question was instead, “What are your basic earnings?” I think not.
The word “rate” should not be the pivotal one. The one word I would choose is “earnings.” This is a dissent and too long a dissertation is not productive. Suffice it to say, there is unchallenged authority agreeing that the word “earnings” embraces a larger class of credits than the term “wages” or “salary” 14 Words and Phrases p. 41. Likewise, “earnings mean any economic good to which a person becomes entitled for rendering economic service.” Emerick v. Momaco and Sons Motor Sales, Inc., 145 Conn. 101, 139 A.2d 156, 157 (1958), emphasis supplied. See also 87 A.L.R., Annual Earnings, 958 and the case of Pless v. Franks, 202 Tenn. 630, 308 S.W.2d 402 (1957).
The insurance industry prepared this form and if it wishes to avoid paying death benefits on overtime, and ' the like, why doesn’t it call a spade a spade and say so? For example:
rate of basic wage or salary excluding overtime .
If the industry does not choose to say exactly what it means, I am of the opinion that the dictionary’s normal comprehension of earnings[2] (whether the words basic or rate are tagged on or not) should prevail against the draftsmen of any insurance contract. Rambin v. Continental Casualty Company, 186 So.2d 861 (Ct.App. 2nd Cir. La. 1966).
I would reverse.

. It was also reversed, without opinion by the Michigan Supreme Court, 385 Mich. 761, 188 N.W.2d 578 (1971).

. Websters Third New International Dictionary, Unabridged (1966) defines earnings as: “something (as wages or dividends) earned as compensation for labor or the use of capital.”