419 A.2d 1176

**Edward ALBRIGHT**

v.

**The CITY OF SHAMOKIN, Appellant.**

Superior Court of Pennsylvania.

Argued June 26, 1979.

Filed March 21, 1980.

Sanford S. Marateck, Shamokin, for appellant.

Guy W. Schlesinger, Shamokin, for appellee.

Before WIEAND, LOUIK and ROBINSON, JJ.*

WIEAND, Judge:

The issue in this appeal is whether the City of Shamokin can discontinue the payment of benefits to a retired employee after the City determined that its pension ordinance failed to comply with requirements of the enabling legislation.

Edward Albright entered the employ of the City of Shamokin in April, 1963, as a laborer in the street department.

---

* Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania and Judge OTTO P. ROBINSON of the Court of Common Pleas of Lackawanna County, Pennsylvania were sitting by designation. Judge DONALD E. WIEAND participated in the consideration of this appeal after his term of office had expired by special assignment.

On December 17, 1969, the City enacted an ordinance which provided retirement benefits for certain qualifying employees. The ordinance provided that the "Normal Retirement Date shall be the first day of the month following the Member's sixty–fifth (65th) birthday and the completion of ten (10) years of Credited Service, whichever is later." The ordinance provided for a minimum retirement benefit of $50 per month. All contributions to the plan were made by the City; the employees were not required to contribute. The City, however, reserved "the right to discontinue its contributions for any reason at any time."

Albright applied for a pension on March 27, 1973. He was then 67 years of age and had completed ten years and one month of service. The pension committee approved Albright's pension and fixed his retirement benefit at $100 per month. He thereupon retired from his employment and was paid benefits for eleven months.

In April, 1974, the City enacted a new ordinance, which required employee contributions and a minimum of twelve years of service to qualify for retirement. It also provided:

"All former officers and employees of the city presently receiving compensation from a previous pension plan shall, upon the affirmative vote of seventy–five per centum (75%) of all members thereof, elect to be covered by the retirement system established by this ordinance and the acceptance of the city of this ordinance shall constitute a repeal of any existing system covering officers and employees contemplated under this ordinance. In such case, the moneys and securities existing in said pension fund shall be transferred to the fund established by this ordinance."

Pursuant thereto, the sum of $38,000 was transferred from the old plan to the new plan. Albright, however, was notified that his payments would be stopped because he had not fulfilled the minimum requirement of twelve years of service required by the new plan. The trial court found that Albright was entitled to receive benefits at the rate of $100 per month for the rest of his life. The City appealed.

The appeal should have been filed in the Commonwealth Court. See: 42 Pa.C.S. § 762(a)(4). However, appellee has failed to file an objection to the jurisdiction of the Superior Court. This Court's jurisdiction to decide the case, therefore, has been perfected. 42 Pa.C.S. § 704(a). See also: Pa.R.A.P. 741(a). We will decide the appeal rather than require the parties to reargue the same in the event of transfer to the Commonwealth Court.

Appellant challenges the validity of the 1969 ordinance on the grounds that the ordinance failed to comply with the enabling legislation. First, it is contended, the ordinance failed to provide for employee contributions. Secondly, it permitted benefits to be paid to an employee who had had less than twelve years continuous service. Both of these requirements had been a part of the Optional Retirement System for Officers and Employes established by the Third Class City Code. See: 53 P.S. § 39375.

■ Although the City was not required to adopt a retirement system for its employees, when it elected to do so it was required to conform its plan to that authorized by the statute. It is now beyond dispute that a municipality has no power to enact ordinances except as authorized by the legislature, and that any ordinance not in conformity with its enabling statute is void. *Taylor v. Abernathy*, 422 Pa. 629, 633, 222 A.2d 863, 865 (1966). See also: *Genkinger v. New Castle*, 368 Pa. 547, 84 A.2d 303 (1951).

This, however, is not alone dispositive. There can be no doubt that the municipality had the power under the Third Class City Code to create a retirement plan for its employees. The City also had the power to enter and terminate contracts of employment in order to provide personnel for the maintenance of its streets. Where, as here, the appellee rendered services pursuant to an ordinance providing for retirement benefits, its provisions became a part of the compensation which the City agreed to pay for such services and, therefore, a part of the contract of employment. It would be a cruel hoax to permit the municipality, after

appellee had retired from his employment upon the promise of the City to pay him benefits of $100 per month, to withdraw its promise and leave appellee without employment or retirement income.

A municipality like a private corporation is subject to the doctrine of estoppel. It may be estopped to deny the authority of its agents and employees to act if it has the power to act. Ordinarily, a governmental agency will not be bound for an act of its agents in excess of its corporate powers. *Breinig v. Allegheny County*, 332 Pa. 474, 485–86, 2 A.2d 842, 849–50 (1938). However, "[t]here is a distinction between an act utterly beyond the jurisdiction of a municipal corporation and the irregular exercise of a basic power under the legislative grant in matters not in themselves jurisdictional. The former are *ultra vires* in the primary sense and void; the latter, *ultra vires* only in a secondary sense which does not preclude ratification or the application of the doctrine of estoppel in the interest of equity and essential justice." *City of East Orange v. Board of Water Commissioners of East Orange*, 73 N.J.Super. 440, 464, 180 A.2d 185, 199 (1962); *Summer Cottagers' Ass'n of Cape May v. City of Cape May*, 19 N.J. 493, 504, 117 A.2d 585, 590–91 (1955). This is applicable to the instant case. The City has been empowered to employ persons to maintain its streets, to pay for the services of employees hired for such purpose and to provide for their retirement. If, in conducting its authorized purposes, the City failed to comply in all respects with the enabling legislation, it should not be permitted to benefit by its own mistake to the detriment of an innocent employee.

In *Ervin v. Pittsburgh*, 339 Pa. 241, 250, 14 A.2d 297, 300 (1940), the Court said: "The doctrine of estoppel is founded on considerations of sound public policy. . . . 'The rule of law is clear that where one by his words or conduct wilfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time.'"

In the instant case, appellant's retirement committee represented to appellee that he was entitled to a pension and authorized the payment of benefits to him. The appellant municipality paid the authorized benefits for a period of eleven months after appellee had retired from his employment. Had there been any doubt as to appellee's right to retire after only ten years of service, he could have continued to work until the required twelve years had been served. Appellee is now at an age when no other useful employment is available to him. The appellant municipality should not be permitted to thwart appellee's expectation of retirement payments which the City, by its own mistake, was responsible for creating. Right and justice require that appellant be estopped from now refusing to pay retirement benefits. Compare: *Baird v. City of Fresno*, 97 Cal.App.2d 336, 217 P.2d 681 (1950). See also: *Taylor v. Abernathy*, supra, 422 Pa. at 642–43, 222 A.2d at 870.

Order affirmed.