Borough of Beaver, Appellant *v*. Daniel J. Liston, Appellee.

Argued October 4, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Norman S. Faulk*, Borough Solicitor, for appellant.

*Dennis F. Wolford, Panner, Holland, Autenreith and Wolford, P.C.*, for appellee.

Opinion by Judge Williams, Jr., August 30, 1983:

The Borough of Beaver (Borough) appeals from a final decree of the Court of Common Pleas of Beaver County directing the Borough to include overtime compensation with salary when computing a retired police officer's (appellee)[1] monthly pension benefits as a fraction of his monthly average salary earned during the last sixty months of employment with the Borough.

The stipulated statement of facts, as adopted by the common pleas court, establishes that Mr. Liston was employed continuously by the Borough as a full-time police officer from January 1, 1949, to October 18, 1976. In 1957 the Borough enacted, pursuant to the Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. §§767-788, Ordinance No. 441 which established an "Insured Police Pension Annuity Plan" and in language mirroring Section 771 of the Act, 53 P.S. §771, provided that "[m]onthly pension or retirement benefits shall be *one-half the monthly average salary* of such member during the last sixty (60) months of employment." Section 9 (emphasis added).

In 1970 the Borough enacted Ordinance No. 535 which repealed Ordinance No. 441, and, regarding

---

[1] Daniel J. Liston.

pension benefit computation, stated that each participating retiree, "shall be entitled to receive a pension payable in equal monthly installments ... in an amount equal to *one-half (1/2) of his Final Monthly Compensation....* " Article 3, Section 3.2 (emphasis added). "Final Monthly Compensation" is defined as "the average *monthly basic salary* earned ... during the last five years immediately preceding retirement." Article 1, Section 1.9 (emphasis added).

From the fund's inception and continuously thereafter, appellee's pension fund contributions were calculated solely as a percentage of his basic forty hour per week salary with payment for work in excess of forty hours excluded from his salary base. Further, as the Borough asserts in its brief, notwithstanding the enactment of Ordinance No. 535 in 1970, the Borough, from the establishment of the police pension fund in 1957, has continuously excluded participants' overtime payments when calculating monthly pension benefit amounts.

Mr. Liston retired on October 18, 1976, after almost twenty-seven years of employment as a Borough police officer. Upon receiving monthly pension benefits calculated as a fraction of his average monthly salary (excluding overtime earnings) of $896.21 rather than as a fraction of his average monthly salary (including overtime earnings) of $1,024.04, appellee filed a complaint in equity seeking to compel the Borough to include overtime payments within his base salary. Following the submission of factual stipulations and legal memoranda by counsel, the chancellor ordered in his decree nisi that the Borough compute appellee's monthly pension benefits as a fraction of his average monthly salary, including overtime earnings. Upon the dismissal of the Borough's exceptions to the decree nisi, the decree was rendered final and this appeal followed.

The primary question is whether the term "salary" as employed in Section 771, 53 P.S. §771, of the police pension fund enabling act (Act) encompasses overtime compensation earned by participants during designated periods immediately prior to retirement. Without defining "salary" the Act pertinently provides that

> [m]onthly pension or retirement benefits ... shall be ... one-half the monthly average salary of such member....

Section 771, 53 P.S. §771.

This being a matter of first impression for appellate review and because the word "salary" is not defined in the Act or ordinances, we shall construe the term guided by the rules of construction as set forth in the Statutory Construction Act of 1972, 1 Pa. C. S. §§1501-1991.

To the extent legislative definition of critical terms is absent or not explicit, and to facilitate ascertainment of legislative intent we may consider, among other construction canons, the events surrounding the enactment of a bill, especially the adoption of amendments to a bill. *See*, 1 Pa. C. S. §1921(c)(2).

In March 1956, the Legislature submitted the police pension fund bill, authorizing the establishment of police pension funds in towns, townships and boroughs, to then Governor Leader for his signature. The penultimate version of the final bill (which was eventually enacted as the Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. §§767-788) provided in pertinent part at Section 5 before revision:

> Monthly pension or retirement benefits shall be not less than one-half the monthly average of the highest *pay* of such member....

6 *Legislative Journal* 6158 (1955) (emphasis added). The Legislature subsequently recalled the bill (House Bill No. 173) from the Governor for further amending prior to signing. When House Bill No. 173 was finally

enacted on May 29, 1956, Section 5 (53 P.S. §771), as revised, notably provided that

> [m]onthly pension or retirement benefits shall be one-half the monthly average *salary* of such member ....

7 Legislative Journal 8147 (1955) (emphasis added). For the word "pay" the Legislature had inserted the term "salary."

"Pay" is a broad, general term lacking particular meaning and encompassing myriad forms of remuneration paid in exchange for services. Black's Law Dictionary 1016 (5th ed. 1979) defines the term as embracing compensation, wages, salary, commissions and fees. Webster's Third New International Dictionary 1659 (1966) characterizes "pay" as including wages, salary and remuneration and as *"money paid in addition to basic wages or salary."* (Emphasis added.)

"Salary," on the other hand, has a more restricted, specific meaning than "pay" as a category of compensation. "Salary" is a special type of compensation, where a fixed, stated amount is paid periodically as by the year, quarter, month, week or other fixed period. *See*, Black's Law Dictionary 1200 (5th ed. 1979); Webster's Third New International Dictionary 2003 (1966). Thus the Legislature's eleventh hour substitution of the word "salary," a narrow category of compensation denoting a fixed amount paid at periodic intervals, for the word "pay," a generic term embracing multiple forms of compensation including "money paid in addition to basic ... salary", *id.*, evinces a legislative intent or disposition to exclude overtime earnings from salary when calculating monthly pension benefits. To declare otherwise would be an unwarranted judicial expansion of the Legislature's intended, restricted scope of the word "salary." *See, Hilligoss v. LaDOW*, 174 Ind. App. 520, 368 N.E. 2d 1365 (1977), *appeal dismissed*, 436 U.S. 942 (1978).

Appellate courts of foreign jurisdictions construing the meaning of the term "salary" as employed in similar pension laws have uniformly held that overtime payments are not salary for purposes of computing monthly pension amounts. *Pless v. Franks*, 202 Tenn. 630, 308 S.W. 2d 402 (1957); *State ex rel. Murray v. Riley*, 45 Del. 192, 70 A.2d 712 (1949); *see also*, *Hestand v. Erke*, 227 Ark. 309, 298 S.W. 2d 44 (1957) (police officer's overtime compensation should not be included in "pay" when computing monthly pension benefits). While "salary" denotes a fixed amount of compensation periodically paid without regard to hours actually worked, overtime compensation varies according to the amount of extra work performed. *Hestand; Riley*. Rather than being regular, periodic, fixed compensation, overtime earnings are customarily irregularly paid in varying amounts depending upon when, and to what extent, the additional work is actually performed. *Id*. The irregular pay for the variable number of overtime hours actually worked by appellee during the last sixty months of his employment does not, therefore, constitute salary because the payments were not fixed compensation regularly paid. *Hestand; Riley*.

While, as a general rule, pension statutes are to be liberally construed in favor of the pensioner,[2] we may consider the consequences of a particular construction whenever a statute is susceptible of more than one interpretation. 1 Pa. C. S. §1921(c)(6). Further, a statute should be construed "to favor the public interest as against any private interest." 1 Pa. C. S. §1922(5).

The excluding from salary of compensation received for extra work performed for varying time periods at irregular intervals by different employes,

---

[2] 60 Am. Jur. 2d *Pensions and Retirement Funds* §4.

promotes consistency and predictability in the collection of contributions and payment of benefits. By employing information concerning the uniform base salaries of eligible employes, municipalities are enabled to predict with greater precision the amount of pension benefits required *in futuro* and adjust the contribution rates accordingly, thus contributing to the maintenance of a stable fund with sufficient assets.

We therefore conclude that the term "salary" as used in the Act and Ordinance Nos. 441 and 535 excludes overtime compensation. Thus the Borough's method of calculating appellee's monthly pension amount was proper.[3] Accordingly, we reverse the final decree of the common pleas court and remand for computation of pension benefits in a manner consistent with this Opinion.

ORDER

AND Now, this 30th day of August, 1983, the order of the Court of Common Pleas of Beaver County, dated October 1, 1981, is reversed and the record is remanded for a recalculation of pension benefits consistent with this Opinion.

Jurisdiction relinquished.

---

[3] In that both ordinances, to be in conformity with the Act, must exclude appellee's overtime earnings in the calculation of monthly retirement benefits, we need not address the issue of which ordinance fixes appellee's rights. *See, Genkinger v. New Castle,* 368 Pa. 547, 549, 84 A.2d 303, 304 (1951) (an ordinance must conform to provisions of enabling statute).