## Greene v. Borough of Sharpsville

*Anthony C. Busillo II,* for plaintiff.
*William J. Joyce,* for defendant.

ACKER, *P.J.*, February 13, 1987—We have for consideration post-trial motions in the nature of exceptions filed by both sides to our adjudication and decree nisi in this case.

The issue is whether the term "salary," as used in Act 600, section 5 of the Act of May 29, 1956, P.L. (1955) 1804, as amended, 53 P.S. §767 et seq., and Borough of Sharpsville Ordinance no. 767, as amended, contained in section 2-4004 of the Code of Ordinances of the Borough of Sharpsville under the facts of this case requires the inclusion of overtime pay and unused vacation pay in the calculation of plaintiff's pension. Ordinance no. 767 provides that the pension of police officers is to be based on the average monthly salary during participant's last 36 months of his employment. We now conclude defendant must recalculate plaintiff's pension entitlement based on his salary plus unused vacation and overtime pay over the last 36 months of employment prior to retirement.

The post-trial motions of plaintiff except to the application of the rule of *Borough of Beaver v. Liston,* 76 Pa. Commw. 619, 464 A.2d 679 (1983) as to its construction that salary is to be limited to those benefits which are fixed compensation regularly paid, thereby excluding overtime pay. It further excepts to the court's application of *Liston* retroactively to an employee who was a member of a pension system prior to the issuance of the *Liston* decision. Plaintiff also excepts to the court's determination that the borough was not equitably estopped from excluding overtime pay even though the only other officer previously retiring, Thomas Weldon, did receive overtime pay included in his pension.

The borough excepts to the court's conclusion that unused vacation pay must be put into the

equation for determination of a proper pension. It further concludes that establishing a policy for paying a police officer compensation when he retires for unused vacation time for work performed in a previous year does not establish a policy for including such compensation in the pension calculation for the retiring police officer. The borough also claims that the court erred in determining that a course of conduct can be established by a single act, i.e., the benefits paid to the only previous police officer to retire, Thomas Weldon.[1]

As noted in our first opinion, the parties have stipulated to all the required facts for resolution of the case but one and even that finding initially included in paragraph 17 of the stipulation. It covers what plaintiff would testify to, were he called, as to what he believed his pension would be calculated upon when he retired. Paragraph 17 provides that plaintiff would testify he relied upon his understanding of the pension calculations as the basis for performing his employment with defendant. The right to object as to relevancy was preserved. Not being content with this stipulation, the court, at the request of plaintiff, took testimony from plaintiff Greene. He testified that prior to retirement he believed his pension would be calculated on full compensation, including overtime pay and unused vacation pay. The court concluded from that testimony that prior to the retirement of Greene, plaintiff

---

1. The borough also excepts to a part of the sentence of footnote 3 where the word "included" should be "excluded." We agreed.

Defendant excepts to the language used in the decree nisi stating that if any monies are to be ordered to be paid, it is not to be a charge on any fund of the borough other than the Police Pension Fund. We accept this correction.

calculated his pension to be one-half or 50 percent of his gross income. This included overtime pay and vacation pay.[2]

Defendant relies principally on two cases. *Bor-*

2. By agreement of the parties, holiday pay was included in the compensation and is not an issue.

The two specific paragraphs dealing with benefits to plaintiff Greene over and above his basic salary are contained in paragraphs 11 and 12 of the stipulations as quoted below:

(11) During the years 1981, 1982 and 1983, plaintiff took the vacation prescribed by the arbitration award and collective bargaining agreement in effect during those years. In 1984, plaintiff's last day of actual work was February 18, 1984. However, he was retained on the payroll and paid his regular salary from that date to the date of his retirement, a period of 55 days. This was in payment of 55 days of accumulated sick leave, a benefit to which plaintiff was entitled as severance pay and which could be used for early retirement at the option of the borough under the 1980 collective bargaining agreement between the parties. In addition, in 1984 the council of the borough authorized the payment to plaintiff of compensation for 10 days prorated vacation for the period from January 1, 1984 to May 4, 1984.

(12) The amounts of $2,237.54 for 1981, $2,762.47 for 1982, $3,377.51 for 1983, and $3,892.56 for 1984, shown on the May 2, 1984 letter from Robert H. Glass, Borough Manager, to Mr. Charles Freeland consist of the following categories of compensation:

| YEAR | UNUSED VACATION PAY | CHECK TENDERED FOR OVERTIME PAY FOR HOURS WORKED IN 1977, 1978 and 1979 | OVERTIME PAY | HOLIDAY PAY | TOTAL |
|---|---|---|---|---|---|
| 1981 | | | $1,549.58 | $696.96 | $2,237.54 |
| 1982 | | | 1,933.99 | 828.48 | 2,762.47 |
| 1983 | | $744.49 | 1,754.62 | 878.40 | 3,377.51 |
| 1984 | $3,104.40 | | 244.89 | 543.27 | 3,892.56 |

The pay for unused vacation for work performed in 1983 was paid on March 1, 1984 in the amount of $2,328.30. The pay for 10 days unused prorated vacation for work performed in 1984 was paid as follows:

$310.44 on March 1, 1984, for four days;
$465.66 on May 10, 1984 for six days.

*ough of Beaver v. Liston,* 76 Pa. Commw. 619, 464 A.2d 679 (1983) construes the word "salary" on Act 600, 53 P.S. §771 to include only fixed stated compensation paid at periodic intervals. It concludes, therefore, that the term "salary" excludes overtime compensation.[3]

The second case principally relied upon by plaintiff is *Kosey v. City of Washington Police Pension Board,* 73 Pa. Commw. 564, 459 A.2d 432 (1983). That court was interpreting the term "annual pay" found in section 4303 of the Third Class City Code, Act of June 23, 1931, P.L. 932, as amended, 53 P.S. §39301. The ordinance which established the pension system mirrored the statutory language of section 4303 of the code, 53 P.S. §39303. The court held that plaintiff, a city policeman, was not entitled to have his unused vacation calculated into his pension benefits.

Compensation, however, encompasses more than mere wages and retirement benefits as deferred compensation is deemed to be part of the salary of elected officials. *McCutcheon v. Commonwealth, State Ethics Commission,* 77 Pa. Commw. 529, 466 A.2d 283 (1983). The nature of retirement provisions for public employees is that of deferred compensation for services actually rendered in the past and is not a mere gratuity or expectancy subject to the whim of a munificent government employer. *Commonwealth ex rel. Zimmerman v. Officers and Employees Retirement Board,* 503 Pa. 219, 469 A.2d 141 (1983). See also, *Am. Fed. of State,*

---

3. Plaintiff challenges the court's retroactive ruling as to the decision of *Liston, supra.* We reaffirm our previous position, however, that the court's interpretation of the statute is considered to have been the law from the date of the statute's enactment. *Baker v. Aetna Casualty & Surety Company,* 309 Pa. Super. 81, 454 A.2d 1092 (1982).

*County & Municipal Employees v. Commonwealth,* 80 Pa. Commw. 611, 472 A.2d 746 (1984); *Elias v. Commonwealth, Department of Public Welfare,* 98 Pa. Commw. 218, 511 A.2d 887 (1986) holds that overtime wages must be paid to an improperly discharged employee for he has a right to them as back pay. They are to be regarded as part of defendant's "salary" and "wages."

In *Joseph Furia and Delaware Co. F.O.P. Lodge 27 v. Borough of Lansdowne et al.,* Court of Common Pleas of Delaware County, no. 84-1968 (1985) it was ordered that the plaintiff's pension should be recalculated on his total W-2 compensation including overtime.

It is to be particularly noted that the cases cited by defendant do not have the elements of estoppel. The doctrine of estoppel is applicable where one party by words or conduct willfully causes another to believe in the existence of a certain state of things. Such willfulness is found not only when a party represents as true that which he knows to be untrue, but also where he, at least, means his interpretation to be acted upon and it is acted upon accordingly. *Ervin v. Pittsburgh,* 339 Pa. 241, 14 A.2d 297 (1940). Estoppel has long been held to be available to be asserted even against the commonwealth. *Ervin v. Pittsburgh, supra; Commonwealth ex rel. Margiotti v. Union Traction Company,* 327 Pa. 497 194 Atl. 661 (1937).[4]

---

4. The U.S. Supreme Court has held that the government may not be estopped on the same terms as any other litigant, but estoppel can be erected on the base of oral advice. The court was unwilling to adopt a rule that estoppel cannot run against the government and it leaves open the issue. *Heckler v. Comm. Health Services of Crawford County Inc.,* 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984), on remand, *Comm.*

Our appellate courts have taken an intermediate position on estoppel against governmental agencies. If the contract relied upon by the plaintiff against the government was void, that is, it was completely outside the governmental entity's jurisdiction, estoppel cannot be applied. If the contract or action was voidable, the government will not be permitted to benefit by its own mistake to the detriment of an innocent party. *Dixon Contracting Company v. Commonwealth, Department of Environmental Resources*, 80 Pa. Commw. 445, 474 A.2d 701 (1984).

In *Albright v. City of Shamokin*, 227 Pa. Super. 344, 419 A.2d 1176 (1980), a city employee was permitted to retire by ordinance at age 65 or the completion of 10 years of service. All contributions were to be by the city but the city reserved by ordinance the right to discontinue its contributions for any reason and at any time. Subsequent to plaintiff going on pension, the city amended its ordinance to provide that a person had to have 12 years of service. The employee then was denied his pension. Hence, he sued. The court held that the city had a duty to continue to pay the pension to plaintiff and that to permit it to avoid its responsibility would be a cruel hoax. The court made the distinction between acts utterly beyond the jurisdiction of the municipal corporation and the irregular exercise of power under a legislative grant in matters not in themselves jurisdictional. In the latter situation, the court can apply the doctrine of estoppel in the interest of equity and essential justice. The court noted that a municipality should not be permitted to thwart plaintiff's expectation of retirement payments which the city, by its own mistake,

*Health Services of Crawford County Inc. v. Califano*, 7726 F.2d 893 (W.D. Pa. 1985).

was responsible for creating. Right and justice require that the employer be estopped from now refusing to pay retirement benefits. *Id.* at 349, 419 A.2d at 1179.[5]

The doctrine of estoppel may be applied to a governmental entity therefore if it has intentionally or negligently induced reliance on its statement of action. *Humphreys v. Cain,* 83 Pa. Commw. 176, 477 A.2d 32 (1984). There must, however, be some detrimental reliance of the person asserting the doctrine. *Card v. Commonwealth, Pa. School Employees' Retirement Board,* 83 Pa. Commw. 602, 478 A.2d 510 (1984). Estoppel can be made out by the acts of the governmental unit without a direct representation to the injured party. *Township of Connoquenessing v. Township of Butler,* 88 Pa. Commw. 530, 491 A.2d 288 (1985). But further, estoppel can be held where the governmental agent knew or should have known that persons would rely upon his representations. *Matson v. Housing Authority of City of Pittsburgh,* 353 Pa. Super. 588, 510 A.2d 819 (1986).

In that the borough elected to pay Weldon for unused vacation and overtime, it created an expectation in Officer Greene when he calculated his pension, prior or at the time of retirement, that his pension would be calculated to include such mon-

---

5. A further example of the application of estoppel against the government is *Commonwealth, Department of Public Welfare v. Moran,* 84 Pa. Commw. 554, 480 A.2d 356 (1984) where attorney's fees had been awarded by the Board of Claims for a Social Security claimant. The Department of Welfare appealed contending that the attorney had not received permission from the Social Security Administration, as required by law, for attorney's fees. The attorney, however, had received word from the department of welfare that attorney's fees would be paid. It was held that the attorney's fees were properly ordered.

ies. Although not an exact calculation because the borough did voluntarily include holiday pay in its pension calculations, the difference between what plaintiff could reasonably expect as pension ($1,010) and that to be received ($839.60) is $170.41 per month.

The estoppel as to the failure to include overtime pay is based on its inclusion as to Officer Weldon. The inclusion of vacation pay is based on the borough's admission that the inclusion of unused vacation created a policy as to those "about to retire in 1984 and those who would retire in the future."

By so doing we are not refusing to follow the teachings of either *Borough of Beaver v. Liston, supra,* or *Kosev v. City of Washington Police Pension Board, supra.* We deem the holding of both cases to be construing statutes which are not absolute. Rather they must bend to the doctrine of estoppel. As in *Albright v. City of Shamokin, supra,* we conclude right and justice require that the borough be estopped from now refusing to pay complete retirement benefits.

Hence, this

## ORDER

And now, on this February 13, 1987, it is hereby ordered and decreed the administrators of the police pension fund of the Borough of Sharpsville shall recalculate pension entitlement of Patrick Greene, plaintiff, to include monies paid him for overtime and unused vacation at or about the time of his retirement.

Further the borough shall increase the pension by such inclusion, pay back pension thereby owing and interest thereon. The monies shall be paid from the police pension fund.

Notice shall be given the respective parties by regular mail through their attorneys of record.