555 A.2d 1391

City of Butler, Appellant *v.* Henry E. Clauser, Appellee.

Submitted on briefs February 10, 1989, to Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*James P. Coulter, Dillon, McCandless & King,* for appellant.

*William C. Robinson, Henninger & Robinson,* for appellee.

OPINION BY JUDGE DOYLE, March 30, 1989:

The City of Butler appeals from an order of the Court of Common Pleas of Butler County awarding Henry E. Clauser an increase in pay of $743.50. The amount represents a raise for one-half year of employment from January 1, 1985 through June 30, 1985.

Clauser was employed as a police officer by the City of Butler, and served as Chief of Police from September 23, 1979 up to the time of his retirement on June 30, 1985. Until January 1, 1984, the position of Chief of Police had been included in the police officers' bargaining unit. However, the position was removed from the bargaining unit on January 1, 1984, after a decision by city council to which Clauser did not object. Upon his removal from the bargaining unit, Clauser received an immediate salary increase of $4,765 (a 17% increase) from January of 1984, but no increase in 1985.

On January 1, 1984, a two-year collective bargaining agreement between the City of Butler and the Fraternal Order of Police, Lodge No. 32, went into effect. The agreement increased the salary of the highest ranking officer in the bargaining unit (the position of Captain) by $1,181 in 1984 and by $1,487 in 1985 (an overall increase of less than 11%).

Clauser filed an action for declaratory judgment contending that he is entitled to the same pay increase for 1985 as the highest ranking officer participating in the bargaining unit. The trial court awarded Clauser the requested sum pursuant to Section 1 of the Act of December 18, 1984, P.L. 1004 (Act), 43 P.S. §218. The City now

appeals the award, contending that the trial court interpreted the Act incorrectly.

The Act reads as follows:

**Salary of nonunion police officers**

Except in cities of the first and second class, the chief, superintendent or commissioner of police and other ranking officers in a political subdivision of the Commonwealth *who have been removed from bargaining units* under the act of June 24, 1968 (P.L. 237, No. 111), referred to as the Policemen and Firemen Collective Bargaining Act, *by rulings of the Pennsylvania Labor Relations Board* shall receive not less than the same dollar increase including fringe benefits excluding overtime and festive holiday pay as received by the highest ranking police officer participating in the bargaining unit. (Emphasis added.)

The issue before us, one of first impression, is whether a ruling by the Pennsylvania Labor Relations Board is a necessary precondition before a nonunion chief of police will be entitled to at least the same pay increase as that received by the highest ranking police officer participating in the bargaining unit.

Section 1921 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921, provides in pertinent part:

**§1921. Legislative intent controls.**

(a) The object of all interpretation and contruction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

Section 1 of the Act provides in clear unambiguous terms that it applies to employees who have been *forcibly removed* from bargaining units *by rulings of the Pennsylvania Labor Relations Board.* To ignore these restrictions in the statute is to ignore the clear legislative mandate. Clauser argues that if we read the statute literally the result is to hold that because he has cooperated with the City and not litigated his removal from the bargaining unit he has forfeited his benefits, whereas had he sought review of a forced removal from the unit by the Pennsylvania Labor Relations Board he would be entitled to the benefits. Clauser, however, did more than merely cooperate. He entered into a voluntary agreement for which he received valuable consideration in the form of a $4,765 salary increase. We note that his percentage of salary increase is approximately 6% greater than the Captain's for the years in question. Moreover, because an employee's salary in his last few years before retirement forms the basis for his pension calculation, Clauser's dramatic salary increase only one year before his retirement benefitted him by significantly increasing his pension. It is clear that Clauser was not *forcibly* removed from the bargaining unit, an action which would be not only adverse, but perhaps even hostile. It is to the possible negative effect of such an adverse action that the Act is addressed. Nothing in the Act even remotely suggests that it covers a situation where an employee bargains and receives valuable consideration for his agreement to withdraw from the bargaining unit.

We are required to interpret the statute by employing the principles of statutory construction and, inasmuch as no one argues that the words of the statute are ambiguous (and they certainly are not in our view) we cannot disregard those words. 1 Pa. C. S. §1921; *Zimmerman v. O'Bannon,* 497 Pa. 551, 442 A.2d 674 (1982). Accord-

ingly, we conclude that Clauser is not entitled to additional benefits.

Reversed.

### ORDER

NOW, March 30, 1989, the order of the Court of Common Pleas of Butler County in the above-captioned matter is hereby reversed.