Thomas F. BENNIS; William B. Berndt; Ronald S. Manescu; Anthony J. Marakovits; Scott Mitchell; William M. Warmkessel; John A. Kerrigan; Thomas W. Kolowitz; Roger J. Maclean; Ronald J. Max; Teri L. Mertz; Francis F. Peters; John J. Schaffer, Jr.; Paul E. Snyder; Dennis W. Steckel; Dennis J. Troccola; Andrew J. Wiesner, Jr. and Russell Kerchner

v.

CITY OF ALLENTOWN; City Council of the City of Allentown; William L. Heydt, in his corporate capacities as Mayor and Director of Public Safety, City of Allentown; and John R. Stefanik, in his corporate capacity as Chief of Police, City of Allentown, Appellants.

Commonwealth Court of Pennsylvania.

Argued April 10, 1997.

Decided July 31, 1997.

Patricia A. Siemiontkowski, Allentown, for appellants.

James T. Huber, Allentown, for appellees.

Before DOYLE and LEADBETTER, JJ., and JIULIANTE, Senior Judge.

DOYLE, Judge.

The City of Allentown appeals an order of the Common Pleas Court of Lehigh County entering summary judgment against the City in favor of Appellees, a group of City police lieutenants and captains who filed a declaratory judgment action to obtain increased salary and other benefits under Section 1 of Act 204 of 1984, which provides in relevant part:

> [R]anking officers in a political subdivision of the Commonwealth **who have been removed from bargaining units ... by rulings of the [PLRB]** shall receive no less than the same dollar increase including fringe benefits excluding overtime and festive holiday pay as received by the highest ranking police officer participating in the bargaining unit. (Emphasis added.)

Act of December 18, 1984, P.L. 1004, 43 P.S. § 218.

The facts are not in dispute and may be summarized as follows. Prior to 1990, the Queen City Lodge # 10 of the Fraternal Order of Police (FOP) represented all City police officers and was, therefore, the sole bargaining representative of all City police officers, including the lieutenants and captains.[1] However, the City sought to have the lieutenants and captains removed from the bargaining unit and, toward that end, the City filed a Petition for Unit Clarification with the Pennsylvania Labor Relations Board (PLRB) seeking their removal from the unit.[2]

The PLRB, however, never heard the City's Petition. Instead, in 1990, the parties negotiated a settlement agreement which provided that the City would rescind its residency requirement for all members of the police force, and the FOP agreed to exclude all lieutenants and captains from the bargaining unit. The recision of the residency requirement, of course, applied to all police officers in the bargaining unit including the lieutenants and captains. The lieutenants

and captains, in addition, received a specific benefit, to wit: all lieutenants and captains were reclassified for wage purposes, resulting in an average increase in their base salary of approximately $8,000.00.

On December 20, 1990, the PLRB approved the settlement agreement and issued a "Proposed Order of Unit Clarification" which provided, in relevant part:

> On February 5, 1990, the [PLRB] received a Petition for Unit Clarification filed by the [City] requesting that the Board hold a hearing on the question of whether certain police officers continue to share a community of interest with the other officers in the police bargaining unit....
>
> ....
>
> A hearing was necessary to settle the dispute. However, the parties requested a continuance of the hearing. On May 31, 1990 the [PLRB] notified the parties that the hearing was continued to July 19 and 20, 1990.
>
> On July 18, 1990, the FOP and the City signed an agreement whereby the FOP agreed to allow all captains and lieutenants to be removed from the bargaining unit and the City agreed to allow all police officers to live wherever they wanted and to rescind the ordinance on residency in the City so far as it pertains to police.

### ORDER

In view of the foregoing and in order to effectuate the policies of the Act, the Examiner

### HEREBY ORDERS AND DIRECTS

That all captains and lieutenants are removed from the bargaining unit represented by the [FOP], Queen City Lodge No. 10.

(PLRB Order of December 20, 1990, Reproduced Record (R.R.) at 285a, 286a.)

---

1. *See* Section 7 of the Pennsylvania Labor Relations Act, Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. § 211.7, (providing that the representative designated for the purpose of collective bargaining by the majority of employes in a unit shall be the exclusive representative for bargaining purposes).

2. At the time the Petition for Unit Clarification was filed with the PLRB, there were 214 members in the bargaining unit: 28 Lieutenants and Captains and 186 members below that rank.

In 1994, the lieutenants and captains filed a declaratory judgment and mandamus action in the Court of Common Pleas of Lehigh County seeking to compel the City to pay additional salary and benefits which they alleged were due under the terms of Act 204.[3] On cross-motions for summary judgment, Common Pleas granted the plaintiff officers' motion, and the City appealed to this Court.[4]

■ The issue in this appeal is whether the lieutenants and captains were removed from the bargaining unit by a "ruling" of the PLRB as required by the language of Act 204 in order to confer entitlement on the plaintiffs to the same increase in salary and benefits as is now enjoyed by the highest-ranking members of the bargaining unit.

The facts in this appeal are strikingly similar to those in a prior decision of this Court, *City of Butler v. Clauser*, 124 Pa.Cmwlth. 492, 555 A.2d 1391 (1989). In *City of Butler*, the chief of police for the City of Butler was removed from the bargaining unit by a decision of the city council to which he did not object. Upon removal from the unit, he received an immediate salary increase of $4,765.00, a 17% increase over his previous salary. Later, when a new collective bargaining agreement between the city and the union provided salary increases greater than the chief had received, he brought a declaratory judgment action under Act 204 claiming that he was entitled to a salary increase no less in amount than the increase received by the highest ranking officer that was a member of the bargaining unit.

■ This Court however, rejected Clauser's claim because there had been no order of the PLRB directing that Clauser be removed from the bargaining unit. As we said in *City of Butler*:

> Section 1 of the Act provides in clear and unambiguous terms that it applies to employees who have been forcibly removed

from bargaining units by rulings of the [PLRB]. (Emphasis deleted.)

*City of Butler*, 555 A.2d at 1392. The reference in *City of Butler*, to "forcible removal" simply means that the removal must be the result of an adversarial proceeding before the PLRB and an adjudication by the Board resulting in a Board order; such action is required by the plain language of Section 1 of Act 204. The Act requires the removal of the police officer by a ruling of the Board, which is quite different than the removal of the officer by an agreement of the parties which the Board merely approves.

In this case, there was no PLRB "ruling" directing the removal of the lieutenants and captains from the bargaining unit and, therefore, no forcible removal. For this reason, the claim of the lieutenants and captains must fail.

The fact that the PLRB ratified the settlement agreement between the FOP and the City is irrelevant; the Board merely endorsed the settlement between the parties. *See Rothman v. Fillette*, 503 Pa. 259, 469 A.2d 543 (1983) (holding that judicial policy favors settlements).

Moreover, we note that the lieutenants and captains received a significant salary increase as a result of the compromise reached by the FOP and the City. As we view it, this was an actual quid pro quo that was a factor in enabling the parties to reach a settlement.

The lieutenants and captains argue that the salary increase was calculated based on past overtime earnings which would be forfeited in the future and, therefore, was not a salary increase at all but was intended to compensate the officers for lost overtime. This argument is not persuasive.

Even if true, the lieutenants and captains received a substantial benefit as a result of this one-time increase, because overtime is not a certain benefit while salary is.[5] The

---

3. We take note that between the 1990 settlement agreement and the 1994 litigation there were two interim collective bargaining agreements. (R.R. at 34a.)

4. Our standard of review of an order granting summary judgment is limited to determining whether the trial court abused its discretion or

committed an error of law. *Fogarty v. Hemlock Farms Community Association.*, 685 A.2d 241 (Pa.Cmwlth.1996).

5. *See Borough of Beaver v. Liston*, 76 Pa.Cmwlth. 619, 464 A.2d 679 (1983) where we stated that "Salary is a special type of compensation, where a fixed, stated amount is paid, periodically as by

lieutenants and captains benefitted by having a contingent benefit, *i.e.*, overtime earnings, converted into a vested right, *i.e.*, salary payments.

Because the officers in this case were not "removed" by Board order, as required by the language of Act 204, but were removed by an agreement between their own bargaining representative and the City for what we must view as a fair settlement of the parties' respective goals, they are not entitled to the salary and benefit increase under the provisions of the Act. Accordingly, the order of the Common Pleas Court of Lehigh County is hereby reversed.

### ORDER

**NOW,** July 31, 1997, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby reversed.

the year, quarter, month, week, or other fixed period .... [whereas] overtime compensation varies according to the amount of extra work performed.... Rather than being regular, periodic, fixed compensation, overtime earnings are customarily irregularly paid in varying amounts depending upon when, and to what extent, the additional work is actually performed." *Id.* 464 A.2d at 682 (citations omitted).