**Ronald L. STERN, Appellant,**

v.

**The BOROUGH OF SOMERSET.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 2002.

Decided March 21, 2002.

Reargument Denied May 15, 2002.

Anthony C. Busillo, II, Harrisburg, for appellant.

John J. Dirienzo, Jr., Somerset, for appellee.

Before COLINS, President Judge, and LEAVITT, J., and KELLEY, Senior Judge.

OPINION BY President Judge COLINS.

Ronald L. Stern appeals from an order of the Court of Common Pleas of Somerset County (trial court) entering summary judgment against Stern in favor of the Borough of Somerset (Borough) thereby denying Stern's request for $25,938.31 in unused sick leave and uniform allowance. We affirm.

The Borough hired Stern as a police officer on March 1, 1979, at which time his terms of employment were governed by a collective bargaining agreement. Prior to July 5, 1983, the Borough and the police bargaining unit conducted labor negotiations and entered into collective bargaining agreements without seeking formal certification from the Pennsylvania Labor and Relations Board (PLRB). On April 27, 1983, a petition for investigation and certification of representatives was filed with the PLRB by the Somerset Police Department requesting that the Borough investigate and certify the bargaining representative selected or designated by the police bargaining unit. However, subsequent to

the filing of this petition, the parties stipulated, in part, that 1) the police chief was never part of the bargaining unit in the past and was always excluded from arbitration; 2) the chief of police at the time did not wish to be included in the unit; and 3) the parties desired that the position of police chief be excluded from the bargaining unit.

As a result of this stipulation, the parties entered into a memorandum of agreement, which provided that the appropriate collective bargaining unit was to exclude the chief of police. On June 13, 1983, the PLRB issued an order directing and fixing the time and place of election. In the order, the PLRB found that the parties stipulated and agreed that the position of chief of police is management level and excluded from the bargaining unit. Following an election, the PLRB issued a nisi order dated July 5, 1983 certifying the Somerset Police Department as the exclusive representative for all employees and noting that the chief of police was excluded from this unit.

In December 1987, Stern became the Borough's chief of police. As chief of police, he negotiated the terms of his employment independently from the Borough's collective bargaining with the police bargaining unit. Stern argues that because bargaining unit employees upon their departure are entitled to receive compensation for accumulated sick leave and clothing allowance, upon his departure he is entitled to these same benefits. He argues that as the police chief, he was removed from the bargaining unit by a "ruling" of the PLRB. Stern relies on the language of the Chief of Police Act (Act),[1]

which states that the chief of police shall receive the same fringe benefits as those officers participating in the bargaining unit. The trial court disagreed and granted the Borough's motion for summary judgment. Citing *City of Butler v. Clauser*, 124 Pa.Cmwlth. 492, 555 A.2d 1391 (1989), the trial court held that the Act applies to employees who have been forcibly removed from bargaining units by rulings of the PLRB. The trial court stated that when the bargaining unit was certified in 1983, exclusion of the police chief was stipulated by the parties and then approved by the PLRB. (Trial Court Opinion, p. 8). As such, there was no forcible removal by the PLRB as required in the Act.

■■■ On appeal,[2] Stern maintains that when he became police chief, he was removed from the bargaining unit by a PLRB ruling and that through the provisions of the Act, he is entitled to a payment of $25,938.31 for unused sick leave and uniform allowance. Stern cites the PLRB order dated June 13, 1983 directing and fixing time and place of election, which order states that the chief of police is not part of the collective bargaining unit. Stern also cites the PLRB nisi order issued July 5, 1983 that references the June 13, 1983 order removing the chief of police from the bargaining unit. In addition, he avers that the certification issued by the PLRB effectively removed all future chiefs of police from the bargaining unit, regardless of their desire to be included. As such, this removal brought him within the coverage of the provisions of the Act.

1. Act of December 18, 1984, P.L. 1004, 43 P.S. § 218.

2. Our scope of review of the trial court's grant of summary judgment is limited to determining whether the court abused its discretion or made errors of law. *Fogarty v. Hemlock Farms Community Association*, 685 A.2d 241 (Pa.Cmwlth.1996), *petition for allowance of appeal denied*, 548 Pa. 639, 694 A.2d 624 (1997).

In opposition, the Borough argues that the chief of police position was not forcibly removed by any PLRB ruling. More accurately, the Borough contends that the chief of police position was never included in the bargaining unit to begin with. The Borough points to the stipulation entered on May 19, 1983, in which it agreed that the position of chief of police is a management level position and not a part of the bargaining unit. As to the PLRB July 5, 1983 order, the Borough avers that the PLRB merely recognized that the Borough and the Police Department had previously stipulated and agreed that the position was excluded from the bargaining unit. Lastly, the Borough contends that Stern voluntarily accepted the management position and negotiated the terms and conditions of his employment. Therefore, under the Police Chief Employment Agreement, Stern is not entitled to any compensation or buy-back for unused sick leave or uniform allowance.

At issue is Section 1 of the Act, which provides in relevant part:

> ... [T]he chief, superintendent or commissioner of police and other ranking officers in a political subdivision of the Commonwealth who have been removed from bargaining units ... by rulings of the Pennsylvania Labor Relations Board shall receive not less than the same dollar increase including fringe benefits excluding overtime and festive holiday pay as received by the highest ranking police officer participating in the bargaining unit.

43 P.S. § 218.

In *Clauser*, the police chief was removed from the bargaining unit after a decision by city council to which he did not object. The police chief received an immediate increase in salary in 1984, but no increase in 1985. The collective bargaining agreement increased the salary of the highest ranking officer in the bargaining unit (the Captain) in both 1984 and 1985. In response, the police chief filed a declaratory action claiming that he was entitled to the same pay increase pursuant to the Act. This Court held that the police chief was not entitled to additional benefits because he had voluntarily agreed to receive valuable consideration in the form of a salary increase. We stated,

> It is clear that [the police chief] was not *forcibly* removed from the bargaining unit, an action which would be not only adverse, but perhaps even hostile. It is to the possible negative effect of such an adverse action that the Act is addressed. Nothing in the Act even remotely suggests that it covers a situation where an employee bargains and receives valuable consideration for his agreement to withdraw from the bargaining unit.

*Clauser*, 555 A.2d at 1392. The court rejected the police chief's claim because there was no PLRB order directing the removal of the police chief. *See also Bennis v. City of Allentown*, 698 A.2d 177 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 550 Pa. 722, 706 A.2d 1214 (1998) (Act requires removal of police chief by ruling of PLRB, which is different than the removal by an agreement of the parties which is then approved by the PLBR).

In the present case, Stern voluntarily executed a contract that governed the terms and conditions of employment, including sick time and uniform allowance. Furthermore, he was not forcibly removed from the bargaining unit by a PLRB ruling as a result of an adversarial proceeding before the PLRB. As such, Stern's elevation to police chief was voluntary. When the bargaining unit was certified, exclusion of the chief of police was effected by stipulation of the parties and then approved by the PLRB. Because Stern was removed by

an agreement between the parties instead of a PLRB order as required by the clear language of the Act, he is not entitled to the benefits he is seeking.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 21st day of March 2002, the order of the Court of Common Pleas of Somerset County in the above-captioned matter is affirmed.