HESTAND v. ERKE.

5-1156                                                    298 S. W. 2d 44

Opinion delivered February 4, 1957.

Lem C. Bryan and Chas. A. Beasley, for appellant.

Kincannon & Kincannon, for appellee.

PAUL WARD, Associate Justice. This appeal deals with the proper retirement pay for a Lieutenant in the Police Department of the City of Fort Smith, Arkansas.

After 20 years of service in the police department appellee, Oscar Erke, at his own request, was permitted, by the Board of Trustees for the Policemen's Pension and Relief Fund, to retire, and his retirement pay was fixed at $135.75 per month. The Board arrived at the above amount as follows: appellee's regular monthly salary as a Lieutenant at the time of retirement was $271.50 as fixed by City Ordinance No. 2195, and Ark. Stats. § 19-1809 provides for a pension of "half pay" in event of retirement.

Appellee filed a Petition for a Writ of Mandamus in the circuit court, directed against the members of the

said Board, asking the court to compel the Board to fix appellee's retirement pay at $166.95 per month out of the funds held in trust for that purpose. It was appellee's contention before the trial court that his salary or pay at the time of retirement was $333.90 per month. The trial court held in favor of appellee, and ordered his retirement pay fixed at one-half of the above amount or $166.95 per month. The Board has appealed.

The matter was submitted to the trial court on An Agreed Statement of Facts, the material portions of which, in addition to those already mentioned, are as follows: Appellee served as a member of the police department in excess of 20 years and had risen to the rank of Police Lieutenant when he was retired; He was eligible for retirement under Ark. Stats. § 19-1809; In accordance with the provisions of Act No. 78 of 1955 appellee did sufficient extra work as a policeman to boost his monthly pay in 1955 as follows—July $277.37, September $321.42, and October $333.90; The last pay received by appellee as a Lieutenant in the police force was for the month of October 1955, and; Appellee contributed 2 per cent of all extra pay to the Pension and Relief Fund.

It is our conclusion that, under the above situation, the Board in this instance was correct in fixing appellee's retirement pay at $135.75 per month. Appellee's salary was fixed by Ordinance No. 2195 of the City of Fort Smith and not by Act No. 78 of 1955. The purpose of the latter Act was to limit the hours and days for police personnel to work and not to fix salaries or pay. It is true that said Section 19-1809 provides for retirement "at half pay." However a careful study of the provisions of the above section together with the related sections convinces us that the word "pay" as used above relates (under the facts of this case) to the word "salary" as used in the Ordinance mentioned above.

General Act No. 250 passed in 1937 provides for the Policemen's Pension and Relief Fund. This Act, as later amended, now comprises Ark. Stats. Sections 19-1801 to 19-1821 inclusive. Section 19-1801 authorizes a millage tax on all property in cities of the first class for the

benefit of a pension fund for policemen. Section 19-1802 provides for other funds, one of which is 2 per cent of the "monthly salary" of each member of the police department. Likewise Section 19-1809 makes mention of "monthly salary."

According to Webster's International Dictionary the word "salary" denotes payment at regular intervals or "fixed compensation regularly paid, as by the year, quarter, month or week." Black's Law Dictionary, Fourth Edition, defines the word as "a stated compensation, amounting to so much by the year, month, or other fixed period, . . ."

In this case the extra pay which appellee received for the three months specified above was for additional hours he worked when and as called upon to do so under the provisions of Section 19-1712. The very fact that different amounts were paid for each of the three months negatives the idea that they were "regular" payments or "fixed compensation regularly paid."

This entire matter must also be considered from another standpoint which confirms the view we have taken. Pensions have to be paid with money, and the money in this case has to come partly from an assessment on the salaries of the various policemen. It must have been contemplated that such an assessment over a period of many years would produce a substantial and stable fund. No such results however could have been expected from an assessment on remuneration received for brief and irregular extra work such as relied on here by appellee. If appellee's contention is correct the entire pension program could be endangered simply by giving a large amount of extra work to a policeman for only one month before he was subject to retirement. Manifestly this could be unfair to other policemen who have a right to expect to receive full retirement compensation in the future.

The learned judge in an able opinion relied largely upon the holding in the case of *State ex rel. King* v. *Abbott, et al.*, 43 Del. 472, 48 A. 2d 745, but the facts in that

case distinguish it from the case under consideration. There the policeman, at the time of retirement, was drawing base pay at the rate of $170 per month and in addition thereto he was drawing, under legislative enactment, $15 each month under a "State Police Compensation Plan" and $15 each month to compensate for the increased cost of living. The court properly held that all of the above payments constituted salary, holding that the policeman was entitled to a pension of $100 per month, or one-half of his salary. The $15 payments mentioned above met all of the requirements of the definition of a "salary" as stated above — said payments constituted fixed compensation paid at regular intervals over an extended period of time.

Because of the disposition which we have made of this case it is unnecessary to consider appellant's first contention that the action of the Board of Trustees of the Policemen's Pension and Relief Fund in this matter was not subject to review by the courts. The Board acted properly in offering to refund to appellee the 2 per cent assessments he has paid on the amounts received for additional work.

Reversed.