Ms. Cathryn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion on a question prompted by the Fire Chief of the Searcy Fire Department regarding how retirement benefits should be computed.
It is my understanding from correspondence attached to your request and from conversations subsequent to your request that the City of Searcy, in response to the Fair Labor Standards Act of 1986, has adopted a plan to eliminate overtime pay for firefighters who work fewer than 53 hours per week. Searcy firefighters are paid an hourly wage, rather than an annual salary. The normal work cycle of these firefighters includes working a 24-hour shift, and then being off for 48 hours. It is my understanding that the city considers a standard work week to be 56 hours. Thus, under the plan adopted by the City, firefighters are routinely paid their normal hourly wage ("straight time") for 53 hours of work per week, and overtime ("time and a half") for the additional 3 hours worked per week. It is my understanding that from time to time a firefighter may be requested to work additional overtime in emergency situations or, for example, when another firefighter calls in sick. The firefighter who has been asked to work overtime is then paid "time and a half" for these additional hours worked.
In light of the above, you have asked "whether the hourly wage or the annual salary basis should be used to compute a retiring firefighter's retirement benefits;" that is, according to my understanding, whether retirement benefits should be based on the "straight time" plus the "time and a half" which is routinely paid to firefighters for a 56-hour week, or whether the benefit should also include that "time and a half" paid for the occasional additional overtime a firefighter may work.
It is my opinion, in response to the first part of your question, that retirement benefits should be based on both the straight salary plus the overtime salary routinely paid to firefighters for a regularly scheduled 56-hour week. In response to the second part of your question, it is my opinion that money paid for any additional occasional overtime worked should not be regarded as "salary" for purposes of computation of retirement benefits.
In computing retirement benefits, reference must be made to A.C.A. 24-11-818 (Repl. 1992). Subsection (a)(2) of this section provides that a retired firefighter is entitled to a monthly retirement benefit equal to one-half of the salary attached to the rank he held at the time of retirement. "Salary" is defined as "recurring pays which are received for the fire fighter's regularly scheduled work week and shall not include . . . nonrecurring or unusual remunerations." A.C.A. 24-11-818(a)(1).
An issue similar to that about which you have inquired was addressed by the Supreme Court of Arkansas in the case of Hestand v. Erke, 227 Ark. 309, 298 S.W.2d 44 (1957). In that case, the court disagreed with a retiring policeman's contention that his retirement pay should be based not on his regular monthly salary (fixed by city ordinance at $271.50), but on his monthly pay as boosted by extra work he performed from time to time throughout the year (which brought his monthly pay in his last month before retiring to $333.90). The court noted that the word "salary" denotes payment at regular intervals or "fixed compensation regularly paid, as by the year, quarter, month or week." 227 Ark. at 311. The court went on to state that:
 In this case the extra pay which [the retirant] received for the three months . . . was for additional hours he worked when and as called upon to do so. . . . The very fact that different amounts were paid for each of the three months negatives the idea that they were `regular' payments or `fixed compensation regularly paid.'
 This entire matter must also be considered from another standpoint which confirms the view we have taken.
 Pensions have to be paid with money, and the money in this case has to come partly from an assessment on the salaries of the various policemen. It must have been contemplated that such an assessment over a period of many years would produce a substantial and stable fund. No such results however could have been expected from an assessment on remuneration received for brief and irregular extra work such as relied on here by [the retirant]. If [his] contention is correct the entire pension program could be endangered simply by giving a large amount of extra work to a policeman for only one month before he was subject to retirement. Manifestly this could be unfair to other policemen who have a right to expect to receive full retirement compensation in the future.
227 Ark. at 311.
Based upon the reasoning of the court in Erke, it is my opinion that the "straight time" and "time and a half" wage which is routinely paid to firefighters for a 56-hour week meets the definition of "salary" as stated above; i.e., fixed compensation paid at regular intervals over an extended period of time, or recurring pays for a regularly scheduled work week. Retirement benefits of firefighters should therefore be based upon this salary for a 56-hour regularly scheduled work week. On the other hand, those wages paid for occasional instances of overtime a firefighter may work do not meet the definition, as they are not paid at regular intervals, but are, rather, "nonrecurring or unusual remunerations." They should thus not be used in the computation of retirement benefits.
You have also asked, in instances where a firefighter retires, e.g., three months into the year, whether his retirement benefits should be based upon his salary as projected for the current year or on that of the previous year.
As noted above, 24-11-818(a)(2) provides for a retirement benefit equal to one-half of the salary attached to the rank the retirant held at the time of retirement. Accordingly, if a firefighter retires three months into the current year, his benefits would, in my opinion, be based on one-half of his salary he was earning in his last month of employment as a firefighter. The amount of his salary in the last month before retirement could then be projected for the current year for purposes of computation of benefits. His salary for the previous year, in my opinion, would not be taken into consideration for purposes of computation of benefits.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh