The Honorable Michael K. Davis State Representative Route 1, Box 190B Ravenden Springs, Arkansas 72460-9707
Dear Representative Davis:
This is in response to your request for an opinion on the following question:
 Whether a payment by a government entity (City of Pocahontas) of a severance or longevity payment, based on the number of years of service, is to be considered or treated as wages for purposes of figuring retirement annuities?
You have not indicated the particular city employment which gives rise to your question. That is, you have not indicated whether the employee or official at issue is a firefighter, police officer, elected official of the City, or some other type of City employee. I thus am unable to determine exactly what retirement or pension plan is at issue. Without this information, I cannot come to a conclusive determination regarding your question.
I should note, however, that if the employee is a firefighter or a police officer, it is my opinion that the severance pay should not be included as wages for purposes of computing retirement benefits. This result is compelled by A.C.A. § 24-11-422(a)(2) (Cum. Supp. 1993) with regard to police officers participating in local pension plans and A.C.A. §24-11-818 (Cum. Supp. 1993) with regard to firefighters participating in local pension plans. Each statute, with certain exceptions, defines "salary" as excluding the "cash value of any nonrecurring or unusual remuneration." Additionally, police officers and firefighters participating in the statewide "Local Police and Fire Retirement System" are not eligible to have such payments included for purposes of computing retirement benefits. See A.C.A. §§ 24-10-102(15)(a) and (c) (excluding unusual or nonrecurring remunerations from the definition of "pay").
If the individual position at issue is an elected office of the City, the holder of which would be eligible to receive benefits under A.C.A. §§24-12-101 to -127 (Repl. 1992), it is my opinion that a severance or longevity payment should not be used to calculate retirement benefits. The statutes governing these retirement benefits do not specifically address the question. They merely set retirement benefits at "half pay" or at "half the monthly salary received." It is my opinion, nevertheless, that the Arkansas Supreme Court, if faced with the question, would conclude that the term "pay" or "salary" does not include a one-time severance or longevity payment. This conclusion is based upon language from previous Arkansas Supreme Court decisions, includingHestand v. Erke, 227 Ark. 309, 298 S.W. 2d 44 (1957), which defined salary for pension purposes as "denot[ing] payment at regular intervals or `fixed compensation regularly paid, as by the year, quarter, month or week.'" Hestand, supra at 311, citing Webster's International Dictionary.
Finally, if your question refers to a city official or employee who participates in the Arkansas Public Employees Retirement System (a statewide system), contact should be made with officials at that System in order to ascertain the method of computation of benefits.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh