The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, Arkansas 72601-2309
Dear Representative Milum:
This is in response to your request, on behalf of the Harrison Fire Department, for an opinion concerning the information presented in four enclosures attached to your request. The first enclosure is a letter to you from the Harrison Fire Chief asking you to obtain an Attorney General's opinion on the following questions:
 Under the statutes governing local fire pension and relief funds, specifically, A.C.A. 24-11-818, can a fire fighter receive a pay raise on the day he retires, and have that raise included in his pension calculation? This fire fighter did not receive any of this pay raise prior to the day of retirement.
 Also, under the same statute would a one time payment constitute an unusual remuneration?
RESPONSE
In my opinion state law does not speak directly to your first question, but seems to contemplate at least the actual receipt of the salary at issue prior to benefits being based thereon. The statutory scheme does not indicate, however, for how long a period the increased salary rate must be received. It does not specifically indicate, for example, how many paychecks must be received at the new salary before pension benefits may be based thereon. Some pension statutes base benefits on an "average salary" over a period of time prior to retirement. There is no such requirement, however, in the local fire pension statutes. The issue may benefit from legislative clarification.
I cannot definitively answer your second question without reference to the facts upon which it is based.
Question 1 — Under the statutes governing local fire pension and relieffunds, specifically, A.C.A. § 24-11-818, can a fire fighter receive a payraise on the day he retires, and have that raise included in his pensioncalculation?
The documents enclosed with your request indicate that at a Harrison Fire Department Pension Board meeting held on December 29, 1998, the granting of retirement benefits to the person who held the position of fire chief at that time was discussed. An issue arose at this meeting over whether the fire chief could be given a ten percent pay increase as had been done for two other previous firefighters. The letter reflects that one member of the pension board stated that only the mayor, not the pension board, could grant pay raises. The mayor made a decision to grant a ten percent pay raise to the fire chief and he and the fire chief left the meeting to have the pension benefits recalculated to incorporate the ten percent pay raise.[1] After their return, the Board accepted the increased pension figures presented.
The relevant statute provides as follows:
 Any pension fund member who has served in a fire department in the State of Arkansas for a period of twenty (20) years or more, the last five (5) years of which shall have been consecutive, shall be entitled to be retired and receive from the fund a monthly pension equal to one-half (1/2) of the salary attached to the rank he held as a volunteer, part-paid, or full-paid member.
* * *
 As used in this section, unless the context otherwise requires, the term `salary' shall mean recurring pays which are received for the fire fighter's regularly scheduled workweek and shall not include, except as otherwise provided in subdivision (a)(1)(B) of this section, payments for unused accrued sick leave or annual leave or the cash value of any nonrecurring or unusual remunerations.
A.C.A. §§ 24-11-818 (a)(1)(B)(ii) and (a)(1)(A) (Repl. 1996).
These statutes authorize the payment of benefits based on the salary attached to the rank the firefighter held at the time of retirement. "Salary" is defined so as to exclude "nonrecurring or unusual remunerations." It may be argued that a last-minute pay increase, which was never in fact received by the firefighter, is a nonrecurring or unusual remuneration. In addition, the basing of pension benefits on a salary amount that was never actually received by the firefighter may adversely affect the actuarial soundness of the fund. If this salary level was never actually received, contributions by the firefighter to the fund were never based upon this amount. See A.C.A. § 24-11-816
(requiring fire pension fund members to contribute an amount of their salaries not less than six percent). A similar issue was discussed by the Arkansas Supreme Court as regards police pension benefits in the case ofHestand v. Erke, 227 Ark. 309, 298 S.W.2d 44 (1957). In that case a police pensioner sued to increase his pension benefits to include extra work he performed in the last few months of his employment. It was stated therein as follows:
 In this case the extra pay which appellee received for the three months specified above was for additional hours he worked when and as called upon to do so under the provisions of Section 19-1712. The very fact that different amounts were paid for each of the three month negatives the idea that they were `regular' payments or `fixed compensation regularly paid.'
 This entire matter must also be considered from another standpoint which confirms the view we have taken. Pensions have to be paid with money, and the money in this case has to come partly from an assessment on the salaries of the various policemen. It must have been contemplated that such an assessment over a period of many years would produce a substantial and stable fund. No such results however could have been expected from an assessment on remuneration received for brief and irregular work such as relied on here by appellee. If appellee's contention is correct the entire pension program could be endangered simply by giving a large amount of extra work to a policeman for only one month before he was subject to retirement. Manifestly this could be unfair to other policemen who have a right to expect to receive full retirement compensation in the future.
227 Ark. at 311.
In my opinion, therefore, a question is raised concerning the legality of paying a firefighter's pension benefits based upon a last-minute pay increase that was never actually received by the firefighter. The statutory scheme, however, does not provide much guidance on how often the salary rate must have been received before benefits can be based thereon. Is one paycheck at the increased salary rate enough to base benefits on, assuming the pay increase is not "unusual?" Is this a "recurring" pay? Are at least two paychecks required to make the salary "recurring?" These questions are not answered in the relevant statutes. The issue could therefore benefit from legislative clarification.
Question 2 — Also, under the same statute would a one-time paymentconstitute an unusual remuneration?
The answer to this question will depend upon all the facts relating to the one-time payment. I cannot reach a conclusion concerning the status of such a payment without reference to all the facts surrounding its distribution and receipt.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] The documents enclosed with your request do not pose the question of whether the salary increase was granted in accordance with law. Seehowever, Amendment 56, § 4 and A.C.A. § 14-43-409 (Repl. 1998) (requiring the city council to set the salaries of city officials).