The Honorable Shane Broadway State Senator 201 S.E. 2nd Street Bryant, AR 72002
Dear Senator Broadway:
I am writing in response to your request for my opinion on the following question:
 Does an automobile expense allowance paid to a mayor of a first class city, and reported to the Internal Revenue Service as taxable income on a Form 1099, constitute" salary" of the mayor as referred to in Arkansas Code Annotated 14-42-113?
 RESPONSE
In my opinion, although the Arkansas Supreme Court has not directly ruled on this issue, unless a city ordinance expressly declares otherwise, a court would probably rule that an automobile expense allowance is not "salary."
Section 14-42-113 of the Code (Supp. 2001) provides:
 (a) The salary of an official of a city of the first class, a city of the second class, or an incorporated town may be increased during the term for which the official has been elected or appointed and may be decreased during the term only if requested by the official.
 (b) When any city official whose salary was decreased pursuant to subsection (a) of this section leaves office prior to the expiration of his or her term, his or her successor shall receive a salary not less than the salary for the office immediately prior to its being decreased pursuant to subsection (a) of this section.
The statute does not provide any definition of the term "salary."
Your question in some respects resembles one addressed in the attached Ark. Op. Att'y Gen. No. 90-231, in which my predecessor considered whether the fact that the value of personally using a state car was reported as "wages" on IRS Form W2 might establish that such use was an impermissible salary increase in derogation of Ark. Const. amend. 56, which capped the salaries of designated public officials.[1] My predecessor offered the following analysis, with which I fully concur:
 Finally, you have asked whether inclusion of gross amounts for personal use of state cars as "wages" on Form W2 will violate Amendment 56 of the Arkansas Constitution. The answer to this question will depend upon whether the value of the use of such vehicles is an impermissible" salary" increment in excess of the amounts set out in Amendment 56. Our Supreme Court has not addressed this question. It would be guided, in my opinion, by its earlier decisions concerning what constitutes "salary". See generally Hestand v. Erke, 227 Ark. 309, 298 S.W.2d 44
(1957), and Parker et al v. Arkansas Real Estate Commission, 256 Ark. 149, 506 S.W.2d 125 (1974) (holding that the "word `salary' denotes payment at regular intervals or fixed compensation regularly paid, as by the year, quarter, month or week" or as "a stated compensation amounting to so much by the year, month, or other fixed period.").
 These cases involved the definition of "salary" as it relates to pension benefits and they appear to be the only Arkansas cases construing the definition of the term "salary". Cases from other jurisdictions, however, have construed the term "salary" as being distinct from fringe benefits and expenses such as the use of state cars. See e.g., Holmes v. State Officers Compensation Commission, 57 Mich. App. 255, 266 [sic: 226] N.W.2d 90 (1974). It is my opinion that although there are no Arkansas cases precisely on point, it may reasonably be concluded that the provision of an automobile to a state officer does not fall within the definition of "salary" as it is used in Amendment 56.
I do not believe the applicability of my predecessor's opinion to your question is in the least compromised by the fact that the expenses at issue in the previous opinion were reported as "wages" on IRS Form W2 whereas the allowance at issue in your request were reported on IRS Form 1099, which is used to report compensation other than fixed, recurring wages.[2] Although I am neither equipped nor authorized to determine whether filing Form 1099, as opposed to Form W2, was appropriate under the circumstances you have described, I will note that filing a Form 1099 in itself suggests that the income reported took a form other than "salary" of the sort that is subject to withholding and that would normally be reported on Form W2. See A.C.A. § 24-7-202(24)(A)(i) (defining "salary" as "the remuneration paid an employee in a position covered by the system and on which the employer withholds federal income tax"). By the same token, the fact that the allowance was reported as income at all suggests that it may well have been something other than mere reimbursement for actual expenses. Even conceding the possibility that some portion of an "automobile expense allowance" may exceed the amount required to defray actual automobile expenses, the fact that at least part of the allowance is devoted to that purpose renders the payment something other than fixed, periodic compensation for services of the sort denoted by the term "salary."[3] Accordingly, if a city council were to terminate a mayor's automobile expense allowance (an action I have no basis to assume is contemplated in this instance), I do not believe doing so would amount to a nonconsensual decrease of the mayor's salary in derogation of A.C.A. § 14-42-113(b).
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
Enclosure
[1] The pertinent provisions of Amendment 56 were repealed in 1992 by Ark. Const. amend. 70, which established new caps.
[2] As the Supreme Court noted in United States v. Carroll,345 U.S. 457, 458, 460 (1953):
 Treasury Regulations 111, § 29.147-1, as amended T.D. 5313, 1944 Cum. Bull. 308, T.D. 5687, 1949-1 Cum. Bull. 9, provides that all persons making any such payment [i.e., compensation other than wages] in any calendar year (with exceptions not relevant here) shall make a "return" on Form 1099, "accompanied by transmittal Form 1096 showing the number of returns filed." Form 1099 is required to be prepared and filed for each payee, showing the name and address of the payee, the kind and amount of income paid, and the name and address of the person making the payment. Form 1099 on its face is called an "Information Return"; and its instructions say that it is to be forwarded "with return Form 1096." Form 1099 contains no formal declaration by the payor nor any signature by him. Those are provided in Form 1096.
* * *
 The various Forms 1099 seem to have the same relation to Form 1096 as schedules have to an ordinary income tax return. Form 1099 supplies the details which underlie Form 1096. That conclusion is supported by the fact that Form 1096 is the only one which is signed and verified.
See also U.S. v. Hildebrandt, 961 F.2d 116 (8th Cir. 1992) (generally discussing the use of Form 1099).
[3] For representative definitions of "salary" that incorporate the notion of fixed, recurring payments in exchange for services rendered, as opposed to reimbursement for expenditures incurred in the course of rendering those services, see, e.g., A.C.A. §§ 24-11-818(a)(1)(A) and24-11-819(a)(3) (governing firefighters' disability retirement benefits).