The Honorable Clark Hall State Representative 302 Elm Street Marvell, Arkansas 72366-8729
Dear Representative Hall:
I am writing in response to your request for an opinion on the following five (5) questions:
 1) Can the salary of an elected official be reduced during his or her term?
 2) Is the "education pay" given to elected officials and employees of Helena-West Helena properly considered salary?
 3) Is there a difference between salary and compensation for an elected official?
 4) If there is a difference between salary and compensation for an elected official, what forms of compensation are considered salary?
 5) For purposes of the present analysis, is there any difference between an alderman's salary and the salary of other elected officials?
As background for your request you stated:
 The City of Helena-West Helena, Arkansas is a city of [the] first class with a mayor-council form of government. In December 2007, the City of Helena-West Helena passed a budget appropriation *Page 2 
ordinance wherein it enacted education payment for elected officials and employees of the city. The Budget Appropriation Ordinance directed payment to elected officials from three different sections in the Ordinance. Those sections included base pay, deferred pay, and educational pay.
 * * * The payment was determined on a graduated scale and all employees and elected officials who possess an associate's degree, bachelor's degree, master's degree, or doctorate were compensated accordingly . . . That sum certain[ly] would be divided equally over all pay periods for the year and taxed in accordance with the Internal Revenue Code and the Arkansas Department of Finance and Administration.
 * * * In January 2009, the Helena-West Helena City Council voted to cease all educational pay for all city officials including elected officials and employees. The Mayor stated to the City Council that the salary of an elected official cannot be reduced during his or her term in accordance with Arkansas Code Annotated § 14-42-113, The City Council questioned whether educational pay is salary and whether education pay can be reduced by the city council.
RESPONSE
In response to your first question, the salary of a city official cannot be reduced during the official's term unless he or she "requests" the reduction. A.C.A. § 14-42-113(a) (Supp. 2007). In response to your second question, it is my opinion that the "education pay" that you describe may properly be considered salary. In response to your third question, compensation is a broad category of remuneration which includes, but is not limited to, salary. In response to your fourth question, those forms of compensation which meet the definition of salary, as set forth in my response to your second question, would be considered salary. In response to your fifth question, my research has not uncovered anything to suggest that there *Page 3 
is any difference between an alderman's salary and the salary of other elected officials for purposes of the present analysis.
Question 1: Can the salary of an elected official be reduced duringhis or her term?
The salary of a city official cannot be reduced during the official's term unless he or she "requests" the reduction. Arkansas Code Annotated § 14-42-113 provides in relevant part:
 The salary of an official of a city of the first class, a city of the second class, or an incorporated town may be increased during the term for which the official has been elected or appointed and may be decreased during the term only if requested by the official.
A.C.A. § 14-42-113(a) (Supp. 2007) (emphasis added).
Question 2: Is the "education pay" given to elected officials andemployees of Helena-West Helena properly considered salary?
In my opinion, the "education pay" that you describe may properly be considered salary.
The statute in question does not provide a definition of the term "salary." However, my predecessor in office offered a definition of "salary" in the context of A.C.A. § 14-42-113(a) in Op. Att'y Gen.2003-050. That opinion states that our Supreme Court would probably define salary in this particular context by referring to its previous decisions on the meaning of that term. Id.
The Arkansas Supreme Court has previously defined salary as denoting "payment at regular intervals or fixed compensation regularly paid, as by the year, quarter, month or week." Id. citing, generally Hestand v.Erke, 227 Ark. 309, 298 S.W.2d 44 (1957); and Parker et al v. ArkansasReal Estate Commission, 256 Ark. 149, 506 S.W.2d 123 (1974). Moreover, Black's Law Dictionary defines the term "salary" as follows: "An agreed compensation for services . . . usually paid at regular intervals on a yearly basis[.]" BLACK'S LAW DICTIONARY 1337 (7th ed. 1999). Compensation is then defined more broadly as: "remuneration and other *Page 4 
benefits received in return for services rendered; especially salary or wages." Id at 277.
It is relevant to note that the Arkansas Code does define salary for other purposes and that those definitions generally recognize that the term refers to recurring payments of a fixed amount in exchange for services. See, e.g. A.C.A. § 24-11-818(a)(1)(A).
Your opinion request states that the education payments were "divided equally over all pay periods for the year and taxed in accordance with the Internal Revenue Code and the Arkansas Department of Finance and Administration." I assume, based on this statement, that the education payments were given in a single check along with other salary. Because the education payments appear to have been "payment at regular intervals or fixed compensation regularly paid," it is my opinion that they constitute salary. As a practical matter, it is not unusual for an employer to pay an employee with more education a higher salary.[1]
Question 3: Is there a difference between salary and compensation foran elected official?
Generally speaking, "compensation" is a broad category of remuneration which includes, but is not limited to, salary. BLACK'S LAW DICTIONARY 277 (7th ed. 1999); and see Op. Att'y Gen 2003-050. Benefits, such as insurance benefits, are one example of compensation that is not salary.See Op. Att'y Gen. 95-061.
On the other hand, "salary," as previously defined, is usually understood to refer only to compensation that is paid on a regular basis. In other words, all salary is compensation, but not all compensation is salary.
More specifically, the Arkansas General Assembly's expansive view of the term compensation can be seen in A.C.A. § 14-14-1203, a statute within the County Government Code, which states: "All compensation,including salary, hourly *Page 5 compensation, expense allowances, and other remunerations . . . shall be made only on specific appropriation[.]" A.C.A. § 14-14-1203(a) (Repl. 1998).
Question 4: If there is a difference between salary and compensationfor an elected official, what forms of compensation are consideredsalary?
Those forms of compensation which meet the definition of salary, as set forth in my response to your second question, would be considered salary.
Question 5: For purposes of the present analysis, is there anydifference between an alderman's salary and the salary of other electedofficials?
My research has not uncovered anything to suggest that there is any difference between an alderman's salary and the salary of other elected officials for purposes of the present analysis.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I will note the potential argument that the education payments, although regular and fixed, were not given as compensation for services rendered, but were instead given as compensation for obtaining an education. This argument seems rather tenuous given that the payments appear to have been made solely in the context of services rendered. However, whether the payment was actually compensation for services is a question of fact and, therefore, cannot be decided by this office. *Page 1