The Honorable Paul Miller State Senator Post Office Box 488 Melbourne, Arkansas 72556
Dear Senator Miller:
You have requested my opinion in response to the following question concerning the salary of a city official:
 Can health care benefits that were placed in the city budget after the official has been elected be removed by a vote of the council or are the insurance benefits considered part of the individual's salary?
RESPONSE
This question is presumably prompted by A.C.A. § 14-42-113, which provides in relevant part:
 The salary of an official of a city of the first class, a city of the second class, or an incorporated town may be increased during the term for which the official has been elected or appointed and may be decreased during the term only if requested by the official.[1] *Page 2 
This statute is unequivocal in declaring that an elected or appointed official's salary may not be reduced during the official's term unless he or she requests the reduction. The answer to your question therefore turns on whether the budgeted health care benefits are considered "salary."[2] I assume in this regard that you are referring to amounts budgeted for expenditure on health insurance premiums.
In my opinion, such health care benefits probably do not constitute "salary" under subsection 14-42-113(a). Section 14-42-113 does not provide a definition of the term "salary," but I have previously observed in this context that salary "is usually understood to refer only to compensation that is paid on a regular basis."[3] Consistent with this understanding of "salary," one of my predecessors noted that "[t]he term salary, in ordinary usage, normally does not encompass insurance benefits."[4] This follows from the common definition of "salary" as "a fixed compensation periodically paid to a person for regular work or services."[5] This view of "salary" is also consistent with the Arkansas Supreme Court's definition of "salary" as denoting `"regular' payments" or "fixed compensation regularly paid."[6] *Page 3 
It reasonably follows, in my opinion, that the term "salary" under A.C.A. § 14-42-113 does not include health insurance benefits. This conclusion is consistent with previous opinions of this office, [7] as well as Arkansas Supreme Court precedent. It would seem to be further confirmed by Act 199's definition of "salary" under the new provision calling for the withholding of an elected official's salary upon the suspension of a required professional license or registration. See n. 1, supra. The legislature could easily have extended this new, broad definition of "salary" to the existing subsection 14-42-113(a). Not doing so further buttresses the conclusion that health insurance benefits are not included as "salary" under the latter subsection.
It is therefore my opinion that a city council likely has general authority to remove health care benefits during the official's term without violating A.C.A. § 14-42-113(a), regardless of whether the official requested that the benefits be removed from the city budget.[8]
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A.C.A. § 14-42-113(a) (Supp. 2009). Please note that Section 14-42-113 was recently amended byAct 199 of 2011 (approved 3/8/11). The act contains no emergency clause, and therefore is not yet effective. See generally Fulkerson v.Refunding Board, 201 Ark. 957, 147 S.W.2d 980 (1941).
Act 199 amends Section 14-43-113 to add a new provision requiring the withholding of an elected city official's salary if the official is required to hold a professional license or registration and if that license or registration is suspended. The term "salary" is defined for this purpose as "compensation paid to an elected official," and further specifically includes "any benefits provided to the elected official . . ., including without limitation health insurance, retirement contributions, and retirement benefits." Acts 2011, No. 199, § 1. The definition of "salary" under this new provision does not apply to subsection (a), the controlling provision at issue under your question.
[2] I should note that your question does not specify whether the removal of health care benefits would take place before or after the official actually begins his or her term. My immediate predecessor opined that "A.C.A. § 14-42-113 does not clearly prohibit a reduction in an officer's salary after election but before the beginning of his term of office." Op. Att'y Gen. 2004-355. I agree; and accordingly I believe health care benefits could, as a general matter, be removed from the budget before the beginning of the official's term, regardless of whether such benefits constitute "salary." As my predecessor also noted, however, the salary of an officer cannot be reduced to an unreasonable level, or in a manner that is constitutionally suspect. Id.
[3] Op. Att'y Gen. 2009-025 at 4 (on whether education pay provided under a city ordinance constitutes "salary" under section 14-42-113).
[4] Op. Att'y Gen. 96-226 (opining that health insurance premiums are not a part of "salary" for purposes of a statute requiring the calculation of retirement benefits based on "salary.")
[5] RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY 1693 (2nd ed. 2001).
[6] Hestand v. Erke,227 Ark. 309, 311, 298 S.W.2d 44 (1957) (concluding that a retiring policeman's retirement pay under a provision relating "pay" to "salary" should be based on his regular monthly salary fixed by city ordinance.) Compare
A.C.A. § 24-11-818(a)(1)(A) (Repl. 2002) (defining "salary" as "recurring pays which are received for the fire fighter's regularly scheduled workweek. . . .")
[7] Ops. 2009-025 and 96-226, supra. See also Op. Att'y Gen. 2003-050 (regarding an automobile expenses as "salary" under A.C.A. § 14-42-113).
[8] A decision of this nature should, however, be made with the advice of counsel, taking into account the particular surrounding circumstances. This is particularly important given that attempts to unreasonably reduce the salary of elected officials have led to successful lawsuits against cities. See, e.g., Crain v. City ofMountain Home, 611 F.2d 726 (8th Cir. 1979) (striking down as unconstitutional an ordinance passed on the eve of the election reducing city attorney's salary and prohibiting him from the private practice of law as an unconstitutional bill of attainder; and also awarding attorneys fees). *Page 1